## PETTY v JAMISON et

Ohio Appeals, 9th Dist. Summit Co

No 3037. Decided June 10, 1938

Hadley, Weaver & Vale, Akron, for appellee.

Herbert S. Duffy, Atty Gen., Columbus; Eugene Carlin, Asst. Atty. Gen., Columbus; and John K Sawyers, Jr., Asst. Atty Gen., Columbus, for appellant.

## OPINION

PER CURIAM:

In this case a jury in the Court of Common Pleas of Summit county returned a verdict in favor of the plaintiff, Ellen Petty, the widow and dependent of Lester Petty, deceased, and against the defendants, John E. Jamison and the Industrial Commission of Ohio; and the jury found in said verdict that the plaintiff is "entitled to compensation according to the provisions of the Workmen's Compensation law of Ohio."

The action was, in the first instance, filed against John E. Jamison alone, and alleged that "he had failed to comply with the Workmen's Compensation law of Ohio, and failed to contribute to the state insurance fund or to qualify as a self-insurer under said act * * *."

Subsequently, upon motion of the Industrial Commission of Ohio, the said commission was made a party defendant, for the reason, as stated in the motion, that it "is a necessary and proper party to said action, being a party in interest."

Issues were joined by the answer of the Industrial Commission. The defendant Jamison failed to plead, although duly served with summons.

From the judgment for the plaintiff in the Court of Common Pleas, the Industrial Commission has appealed to this court, and the case was submitted and has been considered as an appeal on questions of law.

At the beginning of the trial, counsel stipulated that the only issue in the case was whether the defendant Jamison was an employer who employed three or more persons at the time of the death of the decedent.

It is agreed by the parties that Lester Petty died from an accidental injury suffered in the course of his employment, as that term has been construed in the Workmen's Compensation law.

A careful scrutiny of the record and the evidence contained in the bill of exceptions leads this court to the conclusion that reasonable minds could not conclude that, at the time of the accidental injury which culminated in the death of the said decedent, Jamison was an employer who employed three or more persons. It was therefore the duty of the trial court to sustain defendant Industrial Commission's motion for a directed verdict in its favor, made at the conclusion of all of the evidence.

The judgment of the Court of Common Pleas will be reversed; and this court, proceeding now to render the judgment which the trial court should have rendered, orders that final judgment be entered in favor of the defendant Industrial Commission, appellant here.

Judgment reversed and final judgment for appellant.

STEVENS, PJ, WASHBURN, J, and DOYLE, J, concur.